**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-72

STATE OF LOUISIANA

VERSUS

FREDDIE JOHNSON

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 85010
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

William T. Babin
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 706502
337-232-5170
COUNSEL FOR APPELLEE:
State of Louisiana

Freddie Johnson, Pro Se
Birch Ash Unit
D-1, Winn Correctional Center
P.O. Box 1260
Winnfield, LA 71483-1260

**Genovese, J.**

On April 19, 2004, the Defendant, Freddie Johnson, pled guilty to the amended charge of attempted manslaughter, violations of La.R.S. 14:31 and 14:27. The Defendant was sentenced on February 22, 2005, to serve twenty years at hard labor with credit for time served.

On August 11, 2010, the Defendant filed a *pro se* "Motion to Correct Illegal Sentence" in the trial court which was summarily denied on August 13, 2010. The Defendant then filed a "Notice of Intent to Appeal/Motion for Designation of Record" on October 13, 2010, "seeking supervisory writ review" of the trial court's ruling. An order of appeal was entered on October 28, 2010, returnable to this court seventy-five days after payment. An amended notice of appeal was issued on December 20, 2010, setting forth a return date of March 5, 2011.

Meanwhile, on December 7, 2010, the Defendant filed an application for supervisory writs with this court, seeking review of the trial court's ruling on August 13, 2010, denying his motion to correct an illegal sentence. In its ruling, this court stated:

> **WRIT NOT CONSIDERED:** Relator's writ application is deficient. The application does not comply with the Uniform Rules–Courts of Appeal, Rule 4. The application does not contain a certificate of service to the district attorney or the Relator's attorney, a copy of the judgment, order, or ruling complained of, a copy of the judge's reasons for judgment, order or ruling, and a copy of each pleading on which the judgment, order, or ruling was founded. Accordingly, Relator's writ is not considered.

*State v. Johnson*, an unpublished writ bearing docket number 10-1462 (La.App. 3 Cir. 1/14/11).

Afterwards, this court received the appeal record in this matter and lodged it under docket number 11-72 on January 19, 2011. On January 25, 2011, a rule to show cause was issued as to why this appeal should not be dismissed as the judgment

at issue is not an appealable judgment in accordance with La.Code Crim.P. art. 912.1.
The Defendant did not file a response to the rule to show cause.

We find that the judgment at issue is not appealable. *See* La.Code Crim.P. arts. 912.1 and 930.6. Accordingly, we hereby dismiss the Defendant's appeal. However, the Defendant may seek supervisory writs from the trial court's denial of his motion to correct an illegal sentence, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file notice of intent to seek writs nor obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**